# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

VOCES de la FRONTERA, INC.,

Case No. 25-CV-1070

          PETITIONER,

v.

DAVE GERBER, SHERIFF OF WALWORTH COUNTY,
TODD DELAIN, SHERIFF OF BROWN COUNTY,
CHAD BILLEB, SHERIFF OF MARATHON COUNTY,
DAVID ZOERNER, SHERIFF OF KENOSHA COUNTY, AND
CHIP MEISTER, SHERIFF OF SAUK COUNTY,

          RESPONDENTS.

## JOINT NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the Respondents, Dave Gerber, Sheriff of Walworth County, Todd Delain, Sheriff of Brown County, Chad Billeb, Sheriff of Marathon County, David Zoerner, Sheriff of Kenosha County, and Chip Meister, Sheriff of Sauk County, in that certain proceeding entitled *Voces de la Frontera, Inc. v. Dave Gerber, et al.*, bearing Appeal Number 2025AP002121-OA on the docket of the Supreme Court of Wisconsin, hereby notice removal of the said civil action to the United States District Court for the Western District of Wisconsin (Madison Division). This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1441(a), 1442(a)(1), and 1446. As grounds for this removal, all Respondents represent the following:

**Introduction**

1.    On September 18, 2025, the Petitioner filed a Petition to the Supreme Court of Wisconsin to Take Jurisdiction of an Original Action, captioned *Voces de la Frontera, Inc. v. Dave Gerber, et al.*, Case No. 2025AP002121 (the "Petition").

2.    On December 3, 2025, the Supreme Court of Wisconsin issued an Order granting the Petition for leave to commence an original action and assuming jurisdiction over the entire action (the "Order"), thus commencing the civil action.

3.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served on Respondents in the state court action as of the date of this Notice is attached as Exhibit A.

4.    The Petition, upon the Wisconsin Supreme Court's assumption of jurisdiction on December 3, 2025, and as modified by the Order, became an initial pleading for purposes of 28 U.S.C. § 1446(b).

5.    The Order granting leave to commence an original action was issued on December 3, 2025, and was served on the Respondents by electronic filing on the same date. Because this notice of removal is being filed within 30 days of the earliest service date of any Respondent, it is necessarily being filed within thirty days of the date on which the Respondents were served with a copy of the Order. Removal of this action on this date is therefore proper and timely.

6.    As discussed below, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Petition and Order present a federal question. In addition, this Court has jurisdiction pursuant to federal officer removal under 28 U.S.C. § 1442(a)(1).

**This Notice is Timely Filed in Accordance with 28 U.S.C. § 1446(b)(1)**

7.      This Notice of Removal is timely because it is filed within thirty days of the date

on which the Respondents were served with a copy of the Order granting leave the commence an

original action, which modifies and sets forth Petitioner's claims and causes of action. *See* 28

U.S.C. § 1446(b)(1); *c.f. Jensen v. Wisconsin Elections Bd.*, 2002 WI 13, ¶ 9, 249 Wis. 2d 706,

639 N.W.2d 537 (discussing timing of removal of *Wisconsin State AFL–CIO v. Elections Board,*

543 F.Supp. 630 (E.D.Wis.1982); *State ex rel. Dreyfus v. Election Board*, No. 82–480–OA

(Wis.S.Ct.1982) (petition for original action granted)).

**Federal Question Jurisdiction Exists Under 28 U.S.C. § 1331**

8.      Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction

of all civil actions arising under the Constitution, laws, or treaties of the United States." "A case

arises under federal law if a well-pleaded complaint establishes either that federal law creates the

cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law." *Trustees of Carpenters' Health and Welfare Trust Fund of St.*

*Louis v. Darr*, 694 F.3d 803, 806 (7th Cir. 2012) (cleaned up).

9.      The Petition and Order in this case raise at least two substantial questions of federal

law. Specifically, the Petition and Order present the issues of whether Respondents may "deprive

a person of liberty after all state law bases for custody have ended, solely on the basis of a federal

immigration detainer," both when a Sheriff has entered into a formal agreement with the federal

government pursuant to 8 U.S.C. § 1357(g)(1) and when they have not, but rather participate in

immigration enforcement pursuant to 8 U.S.C. § 1357(g)(10). "Even though state law creates

[Petitioner's] causes of action, its case might still 'arise under' the laws of the United States if a

well-pleaded complaint established that its right to relief under state law requires resolution of a

substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983). Here, Petitioner asks the court to determine whether, in the absence of state law authority, federal law and federal immigration detainers and administrative warrants grant state law enforcement officers authority to detain persons. This issue requires resolution of a substantial question of federal law, which the parties dispute.

10.     For example, in the Petition, the Petitioner asserts that no statute authorizes a local law enforcement officer in Wisconsin to arrest an individual for a civil immigration violation, but the Respondents contend that such authority can be found in 8 U.S.C. § 1357(g)(1) and/or (10).

11.     The Petitioner also asserts in the Petition that a state law, Wis. Stat. § 818.01(1), prohibits law enforcement officers from detaining persons in response to federal immigration detainers and administrative warrants. The Petitioner further asserts that a "287(g) agreement" between a Sheriff and ICE under 8 U.S.C. § 1357(g) cannot override the alleged prohibition in Wis. Stat. § 818.01(1), based on the Petitioner's proposed interpretation of that federal statute. The Petitioner thus seeks a declaration regarding an interpretation of federal law and whether federal law authorizes the alleged actions of one or more of the Respondents.

12.     Further, the Wisconsin Supreme Court in its Order has directed the parties to brief the following questions, each of which presents substantial questions of federal law:

> What impact, if any, does a sheriff's entry into a formal agreement with the federal government pursuant to 8 U.S.C. § 1357(g)(1)—commonly referred to as a "287(g) agreement"—have on the issue stated in the "Issue Presented" section of the original action petition, paying particular attention to the statutory phrase "consistent with State and local law" in 8 U.S.C. § 1357(g)(1); and

> What impact, if any, does the fact that a sheriff's department participates in immigration enforcement pursuant to 8 U.S.C. § 1357(g)(10), without a 287(g) agreement, have on the issue stated in the "Issue Presented" section of the original action petition[.]

4

**Federal Officer Removal Exists Under 28 U.S.C. § 1442(a)(1)**

13.    In addition, pursuant to 28 U.S.C. § 1442(a)(1), a civil action commenced in state court may be removed to federal court if it is directed against, "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]" The statute requires that a defendant seeking removal show that, "it was a (1) 'person' (2) 'acting under' the United States, its agencies, or its officers (3) that has been sued 'for or relating to any act under color of such office,' and (4) has a colorable federal defense to the plaintiff's claim." *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180–81 (7th Cir. 2012). Here, federal officer removal applies. *See Castillo v. Snyders*, 497 F. Supp 3d 299 (N.D. Ill. 2020) (permitting removal under federal officer removal statute in similar context).

14.    "In construing statutes, 'unless the context indicates otherwise' the 'words "person" and "whoever" include corporations [and] companies ... as well as individuals.'" *Ruppel*, 701 F.3d at 1181 (quoting 1 U.S.C. § 1). Therefore, each Respondent sheriff meets this requirement.

15.    In addition, "[t]he second prong is also not difficult to meet, as the term 'acting under' is construed broadly," such as "to encompass situations 'where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete.'" *Brokaw v. Boeing Co.*, 137 F. Supp. 3d 1082, 1096 (N.D. Ill. 2015) (quoting *Ruppel*, 701 F.3d at 1181). Here, the Respondent Sheriffs have manifested a willingness to act on behalf of federal authorities—they work with federal immigration authorities to help them detain suspected undocumented persons pursuant to federal immigration detainers/administrative warrants. The federal immigration authorities, in turn, have requested that the Respondent Sheriffs act on the federal authorities' behalf and at their direction to hold suspected undocumented persons for a

specific amount of time, and the Respondent Sheriffs consented to do so. Thus, the Respondent Sheriffs acted under federal officers. *See Castillo*, 497 F. Supp. 3d at 303-305.

16.     Specifically, when ICE issues detainers and administrative warrants to local law enforcement, including the Respondent Sheriffs, ICE is requesting the assistance of local law enforcement. And when the Respondent Sheriffs receive detainers and administrative warrants from ICE, and maintain subjects in custody after the subject would otherwise be subject to release under state law, the Respondent Sheriffs are doing so in order to afford ICE officers the chance to take the subjects into custody and to effectuate an objective of the federal government in enforcing federal immigration law.

17.     Further, the allegations in the Petition themselves make clear the Brown County Sheriff has a "287(g)" agreement with ICE. Such agreements essentially deputize local law enforcement to carry out federal immigration law. Under the terms of the Brown County Sheriff's agreement with ICE, the Brown County Sheriff has the power and authority to serve and execute warrants for arrest for immigration violations and to serve warrants of removal on designated aliens in the county jail at the time of the alien's scheduled release from criminal custody. The Brown County Sheriff, and any other Respondent-Sheriffs with 287(g) agreements, acts under a delegation of federal authority when it serves such warrants and is performing certain federal immigration officer functions, under the supervision of ICE. A copy of the referenced agreement is available here: https://www.ice.gov/doclib/287gMOA/287gWSO_BrownCoWI_10-16-2020.pdf.

18.     The third prong is met when the defendant can show that, "the gravamen of the claim against [defendant] occur[ed] while it acted under color of federal authority." 701 F.3d at 1181. Courts in other jurisdictions have found that this prong was satisfied where, as here, "'a

causal connection exists'" between a state officer's "action and the guidance he received from ICE." *Amancio v. DePerry*, 654 F. Supp. 3d 145, 153 (D. Conn. 2023) (quoting *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008)). Here, the Respondent Sheriffs' actions in detaining suspected undocumented persons are causally connected to the federal immigration detainers/administrative warrants. The gravamen of the Petitioner's claim is that the Respondents act unlawfully when they maintain a person in custody after the person would otherwise be subject to release under state law. It should be clear that, but for ICE's issuance of a detainer and administrative warrant and the Respondent Sheriffs' role in assisting ICE by complying with the detainers and administrative warrants, there would be no allegedly unlawful detentions by the Respondent Sheriffs.

19.     Finally, the federal defense requirements mean only that "the defense only be colorable, instead of 'clearly sustainable[.]'" Id. at 1182 (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). Here, the Respondents contend that Petitioner's proposed interpretation of Wisconsin statute, including Wis. Stat. § 818.01(1), is barred by preemption.[1] "Preemption is a colorable federal law defense[.]" *Paldrmic v. Altria Corporate Services, Inc.*, 327 F. Supp. 2d 959, 963 (E.D. Wis. 2004).

20.     Because the Court has jurisdiction over the federal causes of action in the Petition and Order pursuant to 28 U.S.C. §§ 1331 and 1442(a)(1), the Court also has supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367(a).

---

[1] The United States is currently litigating a similar preemption issue before the Seventh Circuit Court of Appeals. *See generally United States v. Illinois*, 796 F.Supp.3d 494 (N.D. Ill. 2025); *see also USA v. State of Illinois, et al*, Seventh Circuit Dkt. No. 25-2904. And, although the Respondent Sheriffs acknowledge the Seventh Circuit has rejected preemption arguments in a similar context, *see McHenry County v. Kwame Raoul*, 44 F.4th 581 (7th Cir. 2022), that case did not involve the specific federal statutes at issue here and may be revisited as part of the *United States v. Illinois* litigation.

## **Other Removability Requirements**

21.     Removal to this Court is an appropriate venue pursuant to 28 U.S.C. § 1441 because the United State District Court for the Western District of Wisconsin (Madison division) is the district embracing the location where the lawsuit is currently pending, the Supreme Court of Wisconsin, which is located in the County of Dane. *See, also* 28 U.S.C. § 130(b).

22.     Promptly after the filing of this Notice of Removal, Respondents will provide notice of removal to Petitioner through its attorney of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Adverse Party Removal is attached hereto as Exhibit B. A true and correct copy of the Notice of Filing of Removal to be filed in the Supreme Court of Wisconsin is attached hereto as Exhibit C. A file-stamped copy of the Notice of Filing of Removal by Respondents in the Supreme Court of Wisconsin will be filed with this Court when received.

23.     All Respondents join in the removal of this action in accordance with 28 U.S.C. § 1446(b)(2)(A).

## **Non-Waiver of Defenses**

24.     Respondents reserve the right to amend and supplement this Notice of Removal.

25.     By removing this action from the Supreme Court of Wisconsin, Respondents do not waive any defenses available to them. Respondents reserve all defenses and the filing of this Notice of Removal is subject to any such defenses.

26.     By removing this action from the Supreme Court of Wisconsin, Respondents do not admit any of the allegations in the Petition.

**WHEREFORE**, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 based on the existence of a federal question in the action between Petitioner and Respondents. This Court

further has jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) under federal officer removal. Accordingly, Respondents hereby remove the above-captioned action from the Supreme Court of Wisconsin to the United States District Court of the Western District of Wisconsin.

Dated this 30th day of December, 2025.

Counsel for Respondents, Sheriff Dave Gerber, Sheriff Todd Delain, Sheriff Chad Billeb, and Sheriff David Zoerner

By: *Electronically signed by Samuel C. Hall, Jr.*

SAMUEL C. HALL, JR.
State Bar No.: 1045476
MOLLY K. WOODFORD
State Bar No.: 1126884
MAIA I. HENTGES
State Bar No.: 1138038
CRIVELLO, NICHOLS & HALL, S.C.
710 N. Plankinton Ave., Suite 500
Milwaukee, WI 53203
Phone:414.271.7722
Fax:    414.271.4438
Email:  shall@crivellolaw.com
        mwoodford@crivellolaw.com
        mhentges@crivellolaw.com

Counsel for Respondent, Sheriff Chip Meister

By: *Electronically signed by Matthew J. Thome*

ANDREW T. PHILLIPS
State Bar No.: 1022232
MATTHEW J. THOME
State Bar No.: 11113463
ATTOLLES LAW, S.C.
222 E. Erie St. Ste. 210
Milwaukee, WI 53202
Phone: 414.285.0825
Email: aphillips@attolles.com
        mthome@attolles.com

9