IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VOCES DE LA FRONTERA, INC.,

               Petitioner,

   v.

DAVE GERBER, TODD DELAIN, CHAD BILLEB,
DAVID ZOERNER and CHIP MEISTER,

               Respondents.

OPINION and ORDER

25-cv-1070-wmc

---

Voces de la Frontera, Inc. commenced this lawsuit by directly petitioning the Wisconsin Supreme Court to exercise original jurisdiction over a challenge to the lawfulness of arrests being made by Wisconsin sheriffs under federal immigration detainers.  More specifically, petitioner claims that a Wisconsin sheriff's legal authority to make any arrest for what it characterizes as a "civil" immigration violation is prohibited under Wis. Stat. § 818.  After the Wisconsin Supreme Court agreed to hear the case, however, five Wisconsin sheriffs named as respondents removed the case to federal court under 28 U.S.C. §§ 1441 and 1446.  Petitioner now asks this court to remand the case under 28 U.S.C. § 1447(c), arguing that respondents' removal was untimely.  (Dkt. #11.)  Because the court agrees, this lawsuit will be remanded back to the Wisconsin Supreme Court.

## OPINION

Petitioner argues for remand on the grounds that: (1) respondents removed the case after the deadline established by § 1446(b); and (2) this court lacks jurisdiction over the lawsuit

because it presents no federal question and the respondent sheriffs are not federal actors.  This court begins and ends its discussion with timeliness, which is dispositive.[1]

The federal removal statute states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a).  In other words, an action is removable if it originally could have been brought in federal court.  As for timing, the notice of removal of a civil action or proceeding must

> be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

Generally, therefore, a defendant has 30 days after receiving the complaint to remove an action from state to federal court.  Here, however, petitioner did not initiate suit by filing a complaint.  Instead, on September 18, 2025, Voces de la Frontera filed a petition in the Wisconsin Supreme Court asking it to exercise jurisdiction as an original action.  (Petition (dkt. #1-2).)  Voces de la Frontera contends that this petition was the "initial pleading setting forth the claim for relief upon which such action or proceeding is based," which triggered the beginning of the 30-day period to file a notice of removal.  In contrast, respondents argue that

---

[1] Although timeliness of removal is not a jurisdictional question, the court can consider timeliness before subject matter jurisdiction under these circumstances.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case," because "jurisdiction is vital only if the court proposes to issue a judgment on the merits.") (citation and quotation marks omitted).

the petition cannot be a "pleading" for purposes of § 1446(b)(1) it is simply asking the court to exercise original jurisdiction, and that until that court grants the petition, the underlying legal issues are not considered at all.   Unfortunately, the parties found no case law addressing whether a petition to a state supreme court seeking its exercise of original jurisdiction qualifies as an "initial pleading" for purposes of § 1446(b)(1), nor has this court.  Still, for the reasons explained below, petitioner has by far the more persuasive argument.

To begin, the Wisconsin Supreme Court generally treats a petition for leave to commence an original action as the operative complaint in original proceedings.  *See, e.g., Labor and Farm Party v. Elections Bd., State of Wis.*, 117 Wis. 2d 351, 352 n.1, 344 N.W.2d 177, 178 (1984) (per curiam) (concluding the petition and denials contained in the response to the petition constitute the complaint and answer); *State ex rel. Sonneborn v. Sylvester*, 25 Wis. 2d 177, 130 N.W.2d 569 (1964) (per curiam) (explaining that "the petition, already served, should constitute the complaint," and that "personal jurisdiction was supplied" by service of petition and order to show cause), *overruled on other grounds by Pavalon v. Thomas Holmes Corp.*, 25 Wis. 2d 540, 131 N.W.2d 331 (1964); *cf. Jefferson v. Dane Cnty.*, 2020 WI 90, ¶ 9, 394 Wis. 2d 602, 610, 951 N.W.2d 556, 560 (Wisconsin Supreme Court granting preliminary injunctive relief based on petition *before* issuing order accepting original jurisdiction over case).

As respondents note, there is a contrary, historic authority suggesting that a petition seeking leave to institute an original action in the Wisconsin Supreme Court was not viewed as commencing an action.  *See In re Exercise of Original Jurisdiction of Supreme Court*, 201 Wis. 123, 229 N.W. 643 (1930) (per curiam) (clarifying the limits on original jurisdiction and procedures for habeas corpus actions in the Wisconsin Supreme Court).  The Wisconsin Supreme Court previously indicated that a party seeking to institute an original action should

3

file a petition, which should be served upon the opposite party along with notice of when and where the petitioner will apply for leave of court to institute the action. *Id*. 229 N.W. at 645. If leave was granted, "the complaint in the action should then be served upon the opposite party and the case proceed regularly according to the established rules of the court."[2] *Id*. However, even under that historic approach, the court recognized that, "an order to show cause upon the merits will not be granted in the first instance because that amounts to the commencement of an action." *Id*.

Regardless, in this and other, more recent cases, no other document was required to "commence the action" in the Wisconsin Supreme Court or act as an "initial pleading," likely because the petition itself has, as in this case, all the typical components of a complaint, including: a caption; a description of the parties; a statement of facts; a statement of petitioner's legal interest; a statement of law; the pleading of two causes of action under Wisconsin's uniform declaratory judgments act; and a statement of relief sought. Additionally, the petition was served on respondents on September 18, 2025 -- the same day it was filed -- prompting the Wisconsin Supreme Court to issue a letter to petitioner and respondents the very next day

---

[2] Respondents also reference a comment made by the Wisconsin Supreme Court in *Jensen v. Wisconsin Elections Bd.*, 2002 WI 13, ¶ 9, 249 Wis. 2d 706, 639 N.W.2d 537, about another action filed under its original jurisdiction, which was then swiftly removed to federal court. *Id.* ("In 1982, this court granted a petition for leave to commence an original action in the matter of legislative redistricting, but its jurisdiction was brief and inconsequential: the case was promptly removed to federal court in Milwaukee and consolidated with a redistricting lawsuit already pending there.") (discussing *Wisconsin State AFL–CIO v. Elections Bd.*, 543 F. Supp. 630, 632-33 (E.D. Wis. 1982)). Respondents argue that this comment suggests that the proper time to remove an original action is after the Wisconsin Supreme Court has accepted jurisdiction, while conceding that timeliness of removal was nowhere addressed in *Jensen*; nor was timeliness of removal a factor in the *Wisconsin State AFL–CIO* decision referenced in *Jensen*.

4

that acknowledged receipt and which directed that a response be filed to the petition.  (Dkt. #12-3.)

On October 7, 2025, respondents then filed their formal, joint response in opposition to the petition, arguing not only against the court exercising jurisdiction over the action, but also addressing the merits and arguing that Wisconsin sheriffs have the power to honor immigration detainers under Wisconsin constitutional, statutory, and common law, as well as agreements with U.S. Immigration and Customs Enforcement ("ICE") under 25 U.S.C. § 287(g).  (Dkt. #1-2, Ex. A. at 58–65.)  In other words, the response was equivalent to an answer *and* a motion to dismiss, as it raised multiple defenses, addressed both procedural and substantive questions, and urged dismissal of the lawsuit on the merits.  Thus, when the Wisconsin Supreme Court issued its order on December 3, 2025, granting the petition for leave to commence an original action, the court did not require petitioner or respondents to file any additional pleadings, instead setting a briefing schedule on the merits of petitioner's claims.  (*Id.* at 93.)  As a result, aside from the original petition, there is no other "initial pleading" that would trigger the removal period in § 1446(b)(1).

Assuming the original petition could be an "initial pleading," respondents alternatively argue that the petition only became an "initial pleading" for purposes of § 1446(b)(1) after the Wisconsin Supreme Court agreed to exercise jurisdiction over the original action on December 3, 2025, and issued its order setting a briefing schedule, because respondents did not know until then that there were controlling issues of federal law that could be removed to federal court.  Specifically, respondents point to that court's instructions to the parties to address federal issues raised in the sheriffs' response, relating to federal statutes and § 287(g) agreements with ICE, in addition to the merits of the issues presented in the original petition.

5

Certainly, "[t]he 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). However, respondents' claimed uncertainty as to the federal legal issues presented by the petition only after briefing on the merits was set is undermined by their earlier response to the petition, which raised the *very same* federal statutory arguments on which they now base their claims to federal subject matter jurisdiction, including the existence of § 287(g) agreements between ICE and sheriffs and empowerment of state officials under 8 U.S.C. § 1357(g). Indeed, the Wisconsin Supreme Court included those issues in its briefing order *because* respondents raised them.

Finally, respondents cite *no* authority for the argument that their success or lack of success in opposing the petition should be what triggered the time to remove, perhaps because the law is completely to the contrary: because respondents believed there was a basis for federal jurisdiction, they were obligated not to sit on their hands and see if the Wisconsin Supreme Court would reject the petition. *See Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 188 (4th Cir. 2017) ("[A] defendant must not be allowed to test the waters in state court [by filing a demurrer] and, finding the temperature not to its liking, beat a swift retreat to federal court. Such behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity.") (alteration in original) (quoting *Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Va. 1991).) Just so here: because respondents waited to file their notice of removal some 103 days after service of the petition -- well outside the 30 days permitted under § 1446 *and* only after learning that the Wisconsin Supreme Court

6

found the petition's merits worthy of consideration -- respondents' notice of removal was untimely, and this case must be remanded to that court.

## ORDER

IT IS ORDERED that plaintiff Voces de la Fronter's motion to remand (dkt. #11), is GRANTED.  This case is REMANDED to the Wisconsin Supreme Court.

Entered this 15th day of May, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge