IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

VOCES de la FRONTERA, INC.,

Case No.: 25-CV-1070

PETITIONER,

v.

DAVE GERBER, SHERIFF OF WALWORTH COUNTY,
TODD DELAIN, SHERIFF OF BROWN COUNTY,
CHAD BILLEB, SHERIFF OF MARATHON COUNTY,
DAVID ZOERNER, SHERIFF OF KENOSHA COUNTY, AND
CHIP MEISTER, SHERIFF OF SAUK COUNTY,

RESPONDENTS.

## RESPONDENTS' MOTION TO STAY PETITIONER'S MOTION FOR ATTORNEY FEES

Respondents respectfully move this Court to stay briefing on Petitioner's Motion for an Award of Attorney Fees (ECF No. 28) until 21 days after the Seventh Circuit resolves Respondents' appeal. Respondents' appeal directly concerns the remand order underlying Petitioner's fee request and may materially alter or eliminate the basis for any fee award. A stay would simplify the issues, conserve party and judicial resources, and avoid potentially unnecessary fee litigation while the appeal is pending. It would also impose no undue prejudice on Petitioner, whose motion has already been filed and can be addressed promptly after the appeal if necessary.

## PROCEDURAL BACKGROUND

Petitioner filed a petition for original action in the Wisconsin Supreme Court asserting that the court should exercise its original jurisdiction because the matter implicated a public right, required a prompt and authoritative decision on a novel issue, and presented a purely legal question. (ECF 1-2). The Wisconsin Supreme Court granted leave to commence the original

action, assumed jurisdiction, set briefing deadlines, and directed the parties to address specified issues in their briefs. (ECF 1-2, pp. 93-96).

On December 30, 2025, Respondents removed the action to this Court. (ECF 1). Petitioner then moved to remand (*See* ECF 11, 12), Respondents opposed remand (ECF 13), and Petitioner replied. (ECF 22). On May 15, 2026, this Court granted the Petitioner's motion and remanded the case to the Wisconsin Supreme Court under 28 U.S.C. § 1447(c). (ECF 23).

Respondents have now filed a notice of appeal in the Seventh Circuit as of May 26, 2026. (ECF 24). Two days later, Petitioner moved for attorney fees under 28 U.S.C. § 1447(c). (ECF 27). Respondents' response to that motion is currently due on June 18, 2026.

## ARGUMENT

A stay is warranted because Respondents' appeal concerns the remand order underlying Petitioner's fee request, and appellate review may materially affect the basis for any award under 28 U.S.C. § 1447(c). Proceeding with fee briefing now would require the parties and the Court to address issues closely tied to an issue that is currently before the Seventh Circuit. Staying briefing until the appeal is resolved will avoid potentially unnecessary motion practice and promote judicial efficiency.

Courts considering whether to stay an action should evaluate four factors: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (internal citations omitted). Here, each factor supports a stay.

First, this case remains at an early stage. Although the Court has resolved the remand motion, the federal proceedings have gone no further than the threshold jurisdictional issue, and no merits litigation has occurred. That procedural posture favors a stay.

Second, a stay will not unduly or tactically prejudice Petitioner. Petitioner has already filed the fee motion, and a brief delay pending appellate review will postpone—not foreclose— resolution of that issue. A stay may also avoid additional litigation if the Seventh Circuit's decision narrows or eliminates the need for further fee proceedings.

Furthermore, a stay would simplify the issues. Petitioner's fee motion arises from the remand order now on appeal. If the Seventh Circuit alters, vacates, or otherwise affects that order, the basis for any fee award may be narrowed or eliminated. Deferring briefing until appellate review is complete will therefore clarify the issues and may obviate further proceedings altogether.

Finally, a stay would reduce the burden on the parties and the Court. Without one, Respondents would have to litigate a fee motion while simultaneously pursuing an appeal concerning the order on which that motion depends. Staying briefing will conserve resources and avoid duplicative effort while the appeal proceeds. Judicial efficiency likewise favors a stay. If the Seventh Circuit issues a ruling that changes the remand order or its rationale, further briefing on fees may be unnecessary or materially different. Waiting for that decision will help ensure that any fee dispute is addressed once, in light of the governing appellate disposition, rather than through piecemeal and potentially duplicative proceedings.

## CONCLUSION

For these reasons, Respondents respectfully request that the Court stay briefing on Petitioner's motion for attorney fees pending the Seventh Circuit's resolution of Respondents' appeal. If further briefing is necessary after that decision, Respondents respectfully request that the Court set their response deadline 21 days after the appellate disposition.

Respectfully submitted this 10th day of June, 2026.

Counsel for Defendants Dave Gerber, Sheriff of Walworth County, Todd Delain, Sheriff of Brown County, Chad Billeb, Sheriff of Marathon County and David Zoerner, Sheriff of Kenosha County

By:/s/ Molly K. Woodford

SAMUEL C. HALL, JR.
State Bar No.: 1001333
MOLLY K. WOODFORD
State Bar No.: 1126884
MAIA I. HENTGES
State Bar No.: 1138038
ANNA M. KEES
State Bar No.: 1073980
CRIVELLO, NICHOLS & HALL, S.C.
710 N. Plankinton Ave., Suite 500
Milwaukee, WI 53203
Phone:414.271.7722
Fax:    414.271.4438
Email: shall@crivellolaw.com
        mwoodford@crivellolaw.com
        mhentges@crivellolaw.com
        akees@crivellolaw.com

Counsel for Defendant, Sheriff Chip Meister

By:/s/ Matthew J. Thome

ANDREW T. PHILLIPS
State Bar No.: 1022232
MATTHEW J. THOME
State Bar No.: 1113463
ATTOLLES LAW, S.C.
222 E. Erie St. Ste. 210
Milwaukee, WI 53202
Phone: 414.285.0825
Email: aphillips@attolles.com
        mthome@attolles.com

4